# NO. 12-19-00008-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DAVID CHRISTOPHER DRIVER,* *APPELLANT* | *§* | *APPEAL FROM THE 420TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | *§* | *NACOGDOCHES COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Donald Christopher Driver appeals from his conviction for assault against a family member. Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

## BACKGROUND

Appellant was charged by indictment with assault against a family member and aggravated assault. Appellant pleaded "not guilty" and the matter proceeded to a jury trial. During trial, the jury heard evidence that Appellant became agitated with his girlfriend, Anna Johnson, when he could not find some cigarettes. When Johnson attempted to leave, Appellant grabbed her and an altercation ensued. Johnson testified as follows:

> Q. Explain to the jury how he put a choke hold on you.
> A. He grabbed me around the throat and pushed me down into the couch.
> Q. So when you say he's over you and he pushed you down, you're saying he did that while establishing contact with your neck?
> A. Yes, ma'am.
> Q. Explain to the jury in detail how that's occurring.
> A. He -- he was still trying to get me quiet. And he -- he grabbed me around the throat and was choking me. And --

Q. How did that feel?
A. Painful. Very painful.
Q. Describe to the jury how that felt.
A. It was painful. There were a couple of times when it felt like I was going to black out.
Q. So, what happens at that point?
A. He's – he's still telling me to be quiet. He put his hand over my mouth. Because I was screaming. I was screaming "stop." "Leave me alone." "Get out of my face." "Let me leave." "Why won't you let me leave?"
Q. And, so, if you tell the jury that it felt like you were going to pass out, did you have periods of time where you had difficulty breathing?
A. Yes, ma'am.

Following evidence and argument, the jury found Appellant "guilty" of assault against a family member. During the sentencing portion of trial, Appellant pleaded "true" to the enhancement allegation. The jury sentenced Appellant to thirteen years imprisonment. This appeal followed.

### ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with **Anders v. California** and **Gainous v. State**. Appellant's counsel states that he diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. He further relates that he is well acquainted with the facts in this case. In compliance with **Anders**, **Gainous**, and **High v. State**, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978), Appellant's brief presents a chronological summation of the procedural history of the case and further states that Appellant's counsel is unable to raise any arguable issues for appeal.[1] We have likewise reviewed the record for reversible error and have found none.

### CONCLUSION

As required by **Stafford v. State**, 813 S.W.2d 503 (Tex. Crim. App. 1991), Appellant's counsel moved for leave to withdraw. *See also* **In re Schulman**, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. Having done so and finding no reversible error, Appellant's counsel's motion for leave to withdraw is hereby **granted** and the appeal is **affirmed**.

---

[1] In compliance with **Kelly v. State**, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of his motion to withdraw as counsel, informed Appellant of his right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record. *See* **Kelly v. State**, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Appellant was given time to file his own brief. The time for filing such a brief has expired, and no pro se brief has been filed.

As a result of our disposition of this case, Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; *In re Schulman*, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf or he must file a petition for discretionary review pro se. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See In re Schulman*, 252 S.W.3d at 408 n.22.

Opinion delivered September 4, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 4, 2019**

**NO. 12-19-00008-CR**

**DAVID CHRISTOPHER DRIVER,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 420th District Court

of Nacogdoches County, Texas (Tr.Ct.No. F1823405)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*